Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorney for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LAMARR GASKIN and EMPERESS MCDOWELL
*On behalf of Plaintiffs and similarly situated individuals*,

                         CASE NO. 1:22-cv-5648

          Plaintiff,         **COMPLAINT**

-against-

BROOKLYN SUYA CORP,

                         ECF Case,

         Defendant(s).

---

Plaintiffs, LAMARR GASKIN and EMPERESS MCDOWELL, on behalf of Plaintiffs and similarly situated individuals, by and through the undersigned attorney, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), BROOKLYN SUYA CORP and states as follows:

1

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs and similarly situated individuals are entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) unpaid wages at the minimum wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and similarly situated individuals are entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) unpaid wages at the minimum wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' and similarly situated individuals' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, LAMARR GASKIN, is an adult resident of Kings County, New York.

6. Plaintiff, EMPERESS MCDOWELL, is an adult resident of Kings County, New York.

7. Upon information and belief, Defendant, BROOKLYN SUYA CORP, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 717 Franklin Avenue, Brooklyn, NY, 11238.

8. At all relevant times, Defendant, BROOKLYN SUYA CORP, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiffs and similarly situated individuals were directly essential to the business operated by Defendant(s).

10. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiffs and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

11. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiffs and similarly situated individuals the minimum wage rate for all hours worked in a week in contravention of the FLSA and NYLL.

## **STATEMENT OF FACTS**

*Facts Related to Lamarr Gaskin*

12. Upon Plaintiff, LAMARR GASKIN's, recall and recollection, he began working for Defendant on or about March 1, 2022.

13. Upon Plaintiff's recall and recollection, he remained employed by Defendant until June 10, 2022.

14. Upon Plaintiff's recall and recollection, he worked six (6) days per week for Defendant. Plaintiff customarily worked from Monday through Saturday.

15. Upon Plaintiff's recall and recollection, he worked twelve and one half (12.5) hours per day; from 10:00 a.m. until 10:30 p.m.

16. Upon Plaintiff's recall and recollection, approximately one (1) to two (2) times per week, Plaintiff worked a "half-shift."

17. Upon Plaintiff's recall and recollection, a "half-shift" was a six (6) hour shift; it began at 10:30 a.m. and ended at 4:30 p.m.

18. Upon Plaintiff's recall and recollection, Defendant compensated Plaintiff at a rate of one hundred-thirty dollars ($130.00) per full shift and eighty dollars ($80) per half-shift.

*Facts Related to Emperess McDowell*

19. Upon Plaintiff, EMPERESS MCDOWELL's, recall and recollection, she began working for Defendant on or about February 14, 2022.

20. Upon Plaintiff's recall and recollection, she remained employed by Defendant until June 16, 2022.

21. Upon Plaintiff's recall and recollection, she worked six (5) days per week for Defendant. Plaintiff customarily worked from Monday through Saturday.

22. Upon Plaintiff's recall and recollection, she worked twelve and one half (12.5) hours per day; from 10:00 a.m. until 10:30 p.m.

23. Upon Plaintiff's recall and recollection, approximately two (2) times per week, Plaintiff worked a "half-shift."

24. Upon Plaintiff's recall and recollection, a "half-shift" was a six (6) hour shift; it began at 10:30 a.m. and ended at 4:30 p.m.

25. Upon Plaintiff's recall and recollection, Defendant compensated Plaintiff at a rate of one hundred-thirty dollars ($130.00) per full shift and eighty dollars ($80) per half-shift.

*Facts Related to Both Plaintiffs as well as Similarly Situated Individuals*

26. Upon Plaintiffs' recall and recollection, RILWAN OJIDAN, was a part owner of BROOKLYN SUYA CORP.

27. Upon Plaintiffs' recall and recollection, whenever RILWAN OJIDAN worked alongside Plaintiffs and similarly situated individuals, he took a share of the tips that Plaintiffs and similarly situated individuals had earned.

28. Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff and similarly situated individuals. Instead, Plaintiffs and similarly situated individuals submitted their time via email.

29. Plaintiffs and similarly situated individuals were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

30. Plaintiffs and similarly situated individuals were not correctly compensated wages at the minimum wage rate for all hours worked in a workweek.

31. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiffs and similarly situated individuals' wages for hours worked at the minimum wage rate and for all hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

32. At all relevant times, upon information and belief, and during Plaintiffs and similarly situated individuals' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

33. Defendant(s) did not provide Plaintiffs and similarly situated individuals with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

34. Upon information and belief, this was done to disguise the actual number of hours the Plaintiffs and similarly situated individuals worked and to avoid paying at the minimum wage rate and an overtime wage for all hours worked over forty (40) hours in a week.

35. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

36. Plaintiffs and similarly situated individuals have been substantially damaged by the Defendant(s)' wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

38. The Plaintiffs brings this FLSA Collective action on behalf of Plaintiffs and all other persons similarly situated under §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

39. The Collective Class consists of all current and former non-exempt, food service employees who worked for Defendant(s) who were not paid wages at the overtime rate when working more than forty (40) hours in a workweek.

40. Section 13 of the FLSA exempts specific categories of individuals from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Plaintiffs or Collective Members.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

41. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant(s) employed Plaintiffs and similarly situated individuals within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

45. Plaintiffs and similarly situated individuals were entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

46. Plaintiffs and similarly situated individuals were entitled to be paid for all hours worked at the minimum wage rate as provided for in the FLSA.

47. Defendant(s) failed to pay Plaintiffs and similarly situated individual's compensation in the lawful amount for all hours worked at the minimum wage rate and at the overtime rate for all hours worked over forty (40) hours in a week as provided for in the FLSA.

48. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated individuals for all hours worked at the minimum wage rate and at the overtime rate for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

49. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs and similarly situated individuals for all hours worked at the minimum wage rate and at the overtime rate for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate when they knew or should have known

such was due, and that non-payment of an overtime rate would financially injure Plaintiffs and similarly situated individuals.

50. Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

51. Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated individuals and the actual compensation paid to Plaintiffs and similarly situated individuals are in the possession and custody of the Defendant(s). Plaintiffs and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendant(s) failed to disclose or apprise Plaintiffs and similarly situated individuals properly of the rights under the FLSA.

53. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiffs and similarly situated individuals are entitled to liquidated damages under the FLSA.

54. Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiffs and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

55. Plaintiffs and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

56. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiffs and similarly situated individuals.

58. Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiffs and similarly situated individuals for all hours worked.

59. By failing to compensate Plaintiffs and similarly situated individuals a wage for all hours worked at the minimum wage rate, Defendant(s) violated Plaintiffs and similarly situated individuals' statutory rights under the NYLL.

60. Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in a week.

61. By failing to compensate Plaintiffs and similarly situated individuals a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiffs and similarly situated individuals' statutory rights under the NYLL.

62. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

63. Therefore, Defendant(s) knowingly and willfully violated Plaintiffs and similarly situated individuals' rights by failing to pay Plaintiffs and similarly situated individuals' compensation for all hours worked at the minimum wage rate for all hours worked and proper compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate.

64. Due to the Defendant(s)' NYLL violations, Plaintiffs and similarly situated individuals are entitled to recover from Defendant(s) unpaid wages at the minimum wage rate, overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and § 198.

65. Plaintiffs and similarly situated individuals also seek liquidated damages under NYLL § 663(1).

## COUNT 3
### [Unlawful Tip Pooling]

66. Plaintiffs and similarly situated individuals re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "65" of this Complaint as if fully set forth herein.

67. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiffs and similarly situated individuals.

68. New York Labor Law 196-d provides:

> "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. . . . Nothing in this subdivision shall be construed as affecting the . . . sharing of tips by a waiter with a busboy or similar employee."

69. Defendant(s), pursuant to its policies and practices, allowed part-owner, RILWAN OJIDAN, to take shares of a tip pool meant for employees.

70. The New York State Court of Appeals has held that when determining who may participate in a tip pooling plan, "the line should be drawn at meaningful or significant authority or control over subordinates." Barenboim v. Starbucks Corp., 21 N.Y.3d 460, 473 (2013).

10

71. The Court provides that "[m]eaningful authority might include the ability to discipline subordinates, assist in performance evaluations or participate in the process of hiring or terminating employees, as well as having input in the creation of employee work schedules, thereby directly influencing the number and timing of hours worked by staff as well as their compensation." *Id.*

72. Here, upon information and belief, the aforementioned part-owner owner disciplined subordinates, had authority to hire and/or fire employees, and created work schedules.

73. Thus, he was statutorily prohibited from sharing in the tip pool.

74. By allowing a part-owner to take portions of the tips earned by employees, Defendant(s) violated Plaintiffs' and similarly situated individuals' statutory rights under the NYLL.

75. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

76. Therefore, Defendant(s)' knowingly and willfully violated Plaintiffs' and similarly situated individuals' rights by engaging in a tip sharing system that included a part-owner.

77. Due to the Defendant(s)' NYLL violations, Plaintiffs and similarly situated individuals are entitled to recover from Defendant(s), unpaid tips taken by managers, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198. Plaintiffs and similarly situated individuals also seek liquidated damages pursuant to NYLL § 663(1).

### COUNT 4
### [Failure to provide a Wage Notice]

78. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "77" of this Complaint as if fully set forth herein.

79. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

80. Defendant(s) has/have willfully failed to supply Plaintiffs and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

81. Through their knowing or intentional failure to provide the Plaintiffs and similarly situated individuals with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

82. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiffs and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 5
### [Failure to provide Wage Statements]

83. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "82" of this Complaint as if fully set forth herein.

84. Defendant(s) has/have willfully failed to supply Plaintiffs and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

85. Through knowingly or intentionally failing to provide the Plaintiffs and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant(s) willfully

violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

86. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiffs and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and similarly situated individuals request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate and minimum wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate and minimum wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate and minimum wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime and minimum wage rate, unlawful tip-pooling practice, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
September 21, 2022

Respectfully submitted

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 0945)